```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                           :
SOCOTEC, INC.,                             :
                                           :
                          Plaintiff,       :    22cv6071 (DLC)
                                           :
              -v-                          :    OPINION AND ORDER
                                           :
HARTFORD UNDERWRITERS INSURANCE            :
COMPANY,                                   :
                                           :
                          Defendant.       :
                                           :
----------------------------------------- X
```

APPEARANCES

For plaintiff:
Derrick Francis Moore
Moore Law
104 Charlton St., Suite 1-W
New York, NY 10014

Gary Steven Thompson
Thompson Hammerman Davis LLP
1015 15th St. NW, Suite 600
Washington, DC 20005

For defendant:
Justin Gabriel Ben-Asher
Charles Anthony Michael
Steptoe & Johnson, LLP
1114 Avenue of the Americas
New York, NY 10036

DENISE COTE, District Judge:

Plaintiff Socotec, Inc. f/k/a Vidaris, Inc. ("Socotec"), a consulting business, has brought this suit against Hartford Underwriters Insurance Company ("Hartford"), challenging the latter's denial of coverage for losses sustained as a result of

the COVID-19 pandemic and related governmental restrictions. Defendant has moved to dismiss the complaint in its entirety, arguing that Socotec's losses are not covered because COVID-19 did not cause "physical loss or damage" to the insured properties.  For the following reasons, Hartford's motion to dismiss is granted.

## Background

Socotec is a professional consulting business that has offices located in New York City and Norwalk, Connecticut. During the COVID-19 pandemic, Socotec's New York offices were subject to state and local government orders requiring businesses to close to the public or otherwise alter their operations.  As a result, Socotec suffered millions of dollars in business interruption and extra expenses relating to the health and safety of its staff and offices.  Socotec alleges that "the presence of Covid caused 'direct physical loss of or physical damage to' each 'covered property' by denying use of and damaging the Covered Property and by causing a necessary suspension of operations."  In addition, Socotec alleges that government closure orders resulted in it "losing physical use of, physical access to, and physical enjoyment of its property."

Socotec held an "all-risk" insurance policy from Hartford (the "Policy"), which included coverage for its offices in New

York and Connecticut.  At issue here are four provisions in the Policy's extended coverage: business income, extra expense, civil authority, and dependent properties.  As relevant here, the Policy insures all risk of "direct physical loss or damage to [the insured] property" or of a dependent property, subject to certain exclusions.

The listed exclusions include that Hartford "will not pay for loss or damage caused directly or indirectly by any of the following. . . . Any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease" (the "Virus Exclusion").  Hartford issued a specialized endorsement called "New York Changes – Special Property Coverage Form" that removed the Virus Exclusion for Socotec's insured properties in New York.

Socotec filed a claim for Covid-related losses only with respect to its New York offices, which Hartford denied in full. In this action, plaintiff asserts claims for breach of contract and breach of the implied covenant of good faith and fair dealing, and seeks a declaratory judgment that Socotec's losses are covered under the Policy.

## Discussion

To survive a motion to dismiss for failure to state a claim, the complaint "must plead enough facts to state a claim

3

to relief that is plausible on its face." Green v. Dep't of Educ. of N.Y., 16 F.4th 1070, 1076-77 (2d Cir. 2021) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Charles v. Orange Cnty., 925 F.3d 73, 81 (2d Cir. 2019) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "In determining if a claim is sufficiently plausible to withstand dismissal," a court "accept[s] all factual allegations as true" and "draw[s] all reasonable inferences in favor of the plaintiffs." Melendez v. City of New York, 16 F.4th 992, 1010 (2d Cir. 2021) (citation omitted). For the purposes of a motion to dismiss, the complaint "includes any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Coal. for Competitive Elec., Dynergy Inc. v. Zibelman, 906 F.3d 41, 49 (2d Cir. 2018) (citation omitted).

The primary issue before the Court with respect to each of plaintiff's claims is whether, under New York law,[1] the losses plaintiff sustained due to the COVID-19 pandemic were caused by

---

[1] The parties do not address the proper choice of law for this motion. Their briefs apply New York law, however, so the Court will apply New York law, as well. Chau v. Lewis, 771 F.3d 118, 126 (2d Cir. 2014) ("The parties' briefs assume that New York law controls, and such implied consent is sufficient to establish choice of law." (citation omitted)).

"direct physical loss or damage" to its property, as required under the Policy.  The law is clear -- insurance contracts with 'direct physical loss or damage' provisions do not cover losses associated with the COVID-19 pandemic.  See 10012 Holdings v. Sentinel Ins. Co., 21 F.4th 216 (2d Cir. 2021).  In 10012 Holdings, the Second Circuit held that "under New York law the terms 'direct physical loss' and 'physical damage' in the [insurance policy] provisions do not extend to mere loss of use of a premises, where there has been no physical damage to such premises; those terms instead require actual physical loss of or damage to the insured's property."  Id. at 222; see also Estes v. Cincinnati Ins. Co., 23 F.4th 695, 701 (6th Cir. 2022) (rejecting "loss of use" theory for COVID-19 property insurance claim and citing cases to show that a "broad circuit consensus also supports our interpretation").

Socotec has failed to allege that the COVID-19 virus inflicted "actual physical loss of or damage to" their property, thus they are not entitled to coverage under the Policy.  The complaint alleges plaintiff lost "physical use of, physical access to, and physical enjoyment of its property by its owners, employees, customers, and others . . . [and] resulted in significant interruption to [plaintiff's] business including a steep decrease in client services."  Like the plaintiff in 10012

Holdings, Socotec alleges only a loss of use of property -- this does not amount to the requisite "actual physical loss of" property necessary to trigger coverage under the relevant Policy provisions.  21 F.4th at 219.

Socotec argues that 10012 Holdings is distinguishable because Hartford initially included, and subsequently deleted, the standard-form Virus Exclusion from its Policy in New York.  Thus, plaintiff argues, the Policy must cover losses caused by COVID-19, otherwise the coverage would be "a mere mirage."  But "the absence of an exclusion cannot create coverage; the words used in the policy must themselves express an intention to provide coverage."  Advance Watch Co., Ltd. v. Kemper Nat'l Ins. Co., 99 F.3d 795, 805 (6th Cir. 1996); see also Com. Union Ins. Co. v. Flagship Marine Servs., Inc., 190 F.3d 26, 33 (2d Cir. 1999) (citing Advance Watch Co. with approval).  The deletion of the Virus Exclusion does not increase the available coverage under the Policy -- Socotec is still only entitled to reimbursement for "direct physical loss or damage" "caused by or resulting from" such an event.  Therefore, Socotec's claims are dismissed.

## Conclusion

The defendant's August 25, 2022 motion to dismiss is granted. The Clerk of Court is directed to enter judgment for the defendant and close the case.

Dated:   New York, New York
         February 17, 2023

　　　　　　　　　　　　　　　　　／s／ Denise Cote
　　　　　　　　　　　　　　　　　DENISE COTE
　　　　　　　　　　　　　　　United States District Judge